IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


| | |
|---|---|
| **KENNETH OLCOTT,** | CV 03-897-BR |
| Plaintiff, | VERDICT, FINDINGS OF FACT, AND CONCLUSIONS OF LAW |
| v. | |
| **VISION PLASTICS INC. HEALTH CARE PLAN,** | |
| Defendant. | |


**BRANDON B. MAYFIELD**
8835 S.W. Canyon Lane, Suite 135H
Portland, OR 97225
(503) 292-5063

    Attorney for Plaintiff

**BRADLEY L. MIDDLETON**
6950 S.W. Hampton, Suite 250
Tigard, OR 97223
(503) 968-7487

    Attorney for Defendant

**BROWN, Judge.**

Plaintiff brings this action against Defendant and seeks reimbursement of health insurance benefits under the terms of the Vision Plastics Inc. Health Care Plan, an employee benefit plan subject to the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001, *et seq.*

The factual and procedural background of this case is set forth in the Court's prior Opinions and Orders issued on July 13, 2004, and January 18, 2005, and, therefore, the Court will not repeat it here.

On May 20, 2005, the issue of whether Plaintiff was injured in the course of his employment was tried to the Court.

## **VERDICT**

The Court has completed its consideration of the evidence presented at trial and has completed its deliberation. Based on its Findings of Fact and Conclusions of Law made pursuant to Fed. R. Civ. P. 52(a) as set forth below, the Court concludes as follows:

Plaintiff's injury sustained on March 16, 2002, was not sustained in the course of his employment. The Court, therefore, enters its Verdict as follows: against Defendant and in favor of Plaintiff in the amount of $9,227.27 plus prejudgment interest. Plaintiff is also entitled to recover his reasonable costs and

attorneys' fees.

## **FINDINGS OF FACT**

The Court finds the following facts by a preponderance of the evidence.

1. Plaintiff is an automation engineer. He designs and builds robotic equipment and fixtures. He owns his own business, KD Automation, which he operates out of a shop at his home in Woodburn, Oregon. At all times material to this action, Plaintiff was self-employed for KD Automation.

2. Plaintiff's shop is a pole building that is divided into two spaces. One side of the shop is used for the KD Automation business, and the other side is used primarily for personal storage.

3. Plaintiff does not normally perform work for KD Automation on Saturdays.

4. In February 2002, Plaintiff began constructing a tilt table for Bowco Industries. The tilt table consists of two parts: a frame and the forks. The table is approximately nine feet long and weighs between 600-800 pounds.

5. A few days before his injury, Plaintiff moved the tilt table frame into the personal storage side of his shed so that he would have room in his shop to work on the next stage of the project, which was construction of the forks.

6. On Saturday, March 16, 2002, Plaintiff was at home mowing a field with his tractor. A friend, John Mann, stopped by Plaintiff's home to visit. Plaintiff had finished mowing and wanted to put his tractor in the personal storage side of the shop building so he asked Mann to help him move the tilt table back to the KD Automation side of the shop to make room in the personal storage side for the tractor.

7. Plaintiff uses the tractor primarily for personal purposes such as mowing.

8. Plaintiff injured his back when he attempted to move the table frame.

9. Plaintiff paid in excess of $10,000 in medical expenses for treatment of his back injury. Of these expenses, $9,227.27 would have been covered by the VPI plan if Plaintiff's claim had not been denied.

## CONCLUSIONS OF LAW

The VPI insurance policy excludes coverage for "bodily injury which occurs in the course of employment." The Court has interpreted the relevant policy language as follows:

> 'In the course of employment' does not include injuries sustained when engaged in an activity that occurs outside regular work hours and is not for the benefit of the business.

Opin. and Order at 17 (issued July 13, 2004).

Plaintiff was not working for his home-based business when he injured his back. Plaintiff does not usually work on Saturdays. Plaintiff was not working on the tilt table at the time of his injury, and he did not move the table so that he could work on it. Plaintiff moved the tilt table so that he could put his tractor in the storage building.

Defendant did not present any convincing evidence to refute Plaintiff's version of the circumstances surrounding his injury. Accordingly, the Court concludes, based on a preponderance of the evidence, that Plaintiff was not injured in the course of his employment.

In addition, the Court finds Plaintiff is entitled to recover $9,227.27, from Defendant. This sum represents the amount of Plaintiff's medical expenses that are covered by the VPI insurance policy. The Court also finds Plaintiff is entitled to prejudgment interest on this amount. Finally, the Court awards Plaintiff reasonable attorneys' fees and costs under 29 U.S.C. § 1132(g) in amounts still to be determined.

## CONCLUSION

For these reasons, the Court enters its Verdict as follows: Against Defendant and in favor of Plaintiff in the amount of $9,227.27 plus prejudgment interest. Plaintiff is also entitled to recover his reasonable and necessary costs and attorneys'

fees.

The Court directs Plaintiff's counsel to submit a judgment consistent with this Verdict no later than August 24, 2005. After the judgment is entered, Plaintiff's counsel may submit a petition for attorneys' fees and costs in accordance with Fed. R. Civ. P. 54 and LR 54.4. In the meantime, the Court directs counsel to confer to determine whether the attorneys' fee issue may be resolved by stipulation.

IT IS SO ORDERED.

DATED this 12th day of August, 2005.

_____
ANNA J. BROWN
United States District Judge