IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


KENNETH OLCOTT,                                         03-CV-897-BR

       Plaintiff,                           OPINION AND ORDER

v.

**VISION PLASTICS INC. HEALTH
CARE PLAN,**

       Defendant.


**BRANDON B. MAYFIELD**
8835 S.W. Canyon Lane, Suite 135H
Portland, OR  97225
(503) 292-5063

       Attorney for Plaintiff

**BRADLEY L. MIDDLETON**
6950 S.W. Hampton, Suite 250
Tigard, OR  97223
(503) 968-7487

       Attorney for Defendant


1 - OPINION AND ORDER

**BROWN, Judge.**

This matter comes before the Court on Plaintiff's Motion for Costs and Attorney Fees (#123).

Plaintiff brought this action against Defendant under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001, *et seq.* On October 3, 2005, the Court entered judgment in Plaintiff's favor and awarded Plaintiff his reasonable attorneys' fees pursuant to 29 U.S.C. § 1132(g)(1).

For the reasons that follow, the Court **GRANTS in part** and **DENIES in part** Plaintiff's Motion and awards attorneys' fees to Plaintiff in the amount of **$43,973.75** and costs in the amount of **$150.00.**

## STANDARDS

Pursuant to 29 U.S.C. § 1132(g)(1), the court has discretion to grant an award of attorneys' fees to either party in an ERISA action. "This section should be read broadly to mean that a plan participant or beneficiary, if he prevails in his suit under § 1132 to enforce his rights under his plan, should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." *Nelson v. EG & G Energy Measurements Group,* 37 F.3d 1384, 1392 (9th Cir. 1994)(internal quotation and citation omitted).

The Ninth Circuit has adopted a lodestar/multiplier approach

2 - OPINION AND ORDER

for assessing the amount of reasonable attorneys' fees. *Gates v. Deukmejian,* 987 F.2d 1392, 1397 (9th Cir. 1993). The lodestar/multiplier analysis is made up of two parts. The court first calculates the lodestar amount by multiplying the number of hours the court finds the prevailing party reasonably expended on the litigation by a reasonable hourly rate. *Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996). The party seeking the award of fees also must submit evidence to support the number of hours worked and the rates claimed. *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000). "A district court should exclude from the lodestar amount hours that are not reasonably expended because they are 'excessive, redundant, or otherwise unnecessary.'" *Id.* (citation omitted).

To determine the lodestar, the court may consider the following factors: (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards

in similar cases.  *Kerr v. Screen Guild Extras, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975).  A rote recitation of the relevant factors is unnecessary as long as the court adequately explains the basis for the award of attorneys' fees.  *McGinnis v. Kentucky Fried Chicken of Cal.*, 51 F.3d 805, 809 (9th Cir. 1995).

After determining the lodestar amount, the court assesses whether it is necessary to adjust the lodestar upward or downward based on factors that are "not already subsumed in the initial calculation of the lodestar."  *Morales*, 96 F.2d at 363-64.  The lodestar amount is presumed to be the reasonable fee, "and thus a multiplier may be used to adjust the lodestar amount upward or downward only in rare and exceptional cases, supported by both specific evidence on the record and detailed findings by the lower courts that the lodestar amount is unreasonably low or unreasonably high."  *Id.* (citations and internal quotations omitted).

## DISCUSSION

**I.  Plaintiff's Entitlement to Reasonable Attorneys' Fees Under ERISA**

The Ninth Circuit applies a five-factor test to determine whether attorneys' fees are appropriate under ERISA.  *See Elliot v. Fortis Benefits Ins. Co.*, 337 F.3d 1138 (9th Cir. 2003).  *See also Hummell v. Rykoff & Co.*, 634 F.2d 446 (9th cir. 1980).  The

five factors are:

> (1) the degree of the opposing party's culpability or bad faith; (2) the ability of the opposing party to satisfy an award of fees; (3) whether an award of fees . . . would deter others from acting under similar circumstances; (4) whether the parties requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions.

*Id.* at 453.

Although the Court previously held Plaintiff is entitled to recover reasonable attorneys' fees and costs, the Court did not articulate its application of the *Hummell* factors. When the fact that the plaintiff prevailed "is evident from the order of the district court, it is unnecessary for the court to engage in a discussion of the factors enumerated in *Hummell*." *Nelson v. EG & G Energy Measurements Group*, 37 F.3d at 1392. For the record, however, the Court finds Plaintiff is entitled to recover attorneys' fees and costs for the following reasons.

Defendant's degree of culpability and bad faith is high, and, therefore, the first *Hummell* factor weighs heavily in Plaintiff's favor. The record establishes Defendant retracted its acceptance of Plaintiff's insurance claim without conducting any investigation into the circumstances of Plaintiff's injury. In fact, Defendant retracted its acceptance of Plaintiff's claim based on a medical report that was available to Defendant at the

5 - OPINION AND ORDER

time it originally accepted Plaintiff's claim. Defendant's decision to retract its claim acceptance was apparently based on its belief that Plaintiff's claim was costing too much. Accordingly, the Court finds the first *Hummell* factor weighs heavily in Plaintiff's favor.

The Court also finds the second and third *Hummell* factors weigh in favor of Plaintiff. Defendant apparently has the means to satisfy an attorneys' fee award, and an award of fees will deter other plan administrators from making benefit decisions without conducting adequate investigations.

The Court finds the fourth *Hummell* factor is neutral. Plaintiff did not seek to benefit other plan participants or to resolve a significant legal question.

Finally, the Court finds the fifth factor weighs in favor of Plaintiff. Defendant's vigorous defense of its sloppy claim processing unnecessarily complicated and lengthened an otherwise straightforward case.

Accordingly, as noted in its Opinion and Order issued July 13, 2004, the Court finds Plaintiff is entitled to recover his reasonable attorneys' fees.

**II. Reasonable Number of Hours**

Plaintiff seeks $43,973.75 in attorneys' fees based on 232.75 hours of work by attorney Brandon Mayfield at the hourly rate of $185.00 and 30.5 hours of paralegal work at the hourly

rate of $30.

Defendant argues Plaintiff's counsel spent an excessive number of hours on this case. Defendant speculates this case was Mayfield's first ERISA case, and, therefore, Mayfield incurred "substantially more and an unreasonable amount of attorney hours in order to prepare and present his arguments." Defendant, however, does not present any evidence to support his speculation about Mayfield's experience in ERISA litigation. Accordingly, the Court declines to adopt Defendant's argument as a basis for adjusting Mayfield's requested fees petition.

Defendant next argues Mayfield's fees should be reduced because Mayfield advanced a number of "frivolous arguments" in Plaintiff's Motion for Summary Judgment and engaged in unnecessary work to prepare for trial. After a thorough review of the record, however, the Court concludes the time and labor Plaintiff's counsel spent to conduct discovery, to draft and to respond to motions, and to prepare for trial was generally reasonable and necessary under the circumstances. The meaning of the "course of employment" language in the ERISA plan was novel, and Plaintiff's reliance on Oregon workers' compensation law to support his argument was not unreasonable even though it was ultimately rejected by the Court.

The Court also notes much of the work by Plaintiff's counsel was necessitated by defense counsel's conduct, such as

Defendant's excessive discovery following the Court's January 18, 2005, Opinion and Order and Defendant's insistence on a trial to determine whether Plaintiff was injured in the course of employment. The Court notes Defendant did not present any convincing evidence at trial to refute Plaintiff's testimony regarding the circumstances surrounding his injury. In fact, Plaintiff prevailed on his Motion for Summary Judgment and at trial. Moreover, the Court notes this entire litigation could have been avoided if Defendant had properly investigated the nature of Plaintiff's injury before it made its initial claim decision.

Defendant also objects to Plaintiff's use of block billing. The Court, however, finds a majority of the time entries are for increments of two hours or less, and each entry generally include three or four related tasks. The fee statements, therefore, do not reflect the type of block billing that presents a problem in analyzing the reasonableness of the fee request. *See Taylor v. Albina Cmty. Bank*, No. CV-00-1089-ST, 2002 WL 31973738, at *3-4 (D. Or. Oct. 2, 2002).

Accordingly, the Court finds a reasonable number of hours for Mayfield's work is 232.75, and a reasonable number of hours for paralegal work is 30.5.

**III. Reasonable Hourly Rate**

After determining the number of compensable hours, the court

"'must determine a reasonable hourly rate considering the experience, skill, and reputation of the attorney requesting fees.'" *Schwarz v. Sec'y of Health & Human Serv.*, 73 F.3d 895, 908 (9th Cir. 1995)(quoting *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986), *amended by* 808 F.2d 1373 (9th Cir. 1987)).

> This determination is not made by reference to rates actually charged the prevailing party. Rather, the court should be guided by the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation. And either current or historical prevailing rates may be used.

*Schwarz*, 73 F.3d at 908 (internal quotations and citations omitted).

Plaintiff asserts his attorney should be compensated at the rate of $185 per hour. Plaintiff relies on the Oregon State Bar 2002 Economic Survey and the Affidavit of Megan Glor to support the hourly rate. Defendant, however, argues Mayfield's hourly rate of $185 is excessive in light of Mayfield's lack of experience in ERISA litigation and his location outside of downtown Portland.

Mayfield was admitted to the Oregon State Bar in 2000. He practices law in the geographic area designated in the Economic

Survey as the Tri-County area.[1] The Court considers the Economic Survey hourly rates for Portland practitioners as the benchmark. According to the Economic Survey, the average hourly rate in 2001 for attorneys practicing in the Tri-County area with 4-6 years of experience was $158.

An appropriate rate of inflation must be incorporated into the prevailing rate to reflect accurately the prevailing rate at the time the award is made. *Bell v. Clackamas County,* 341 F.3d 858 (9th Cir. 2003). The average rate of $158 per hour adjusted for inflation since 2001 results in a current average rate of $175. *See* Inflation Calculator at http://stats.bls.gov/cpi.

The Court finds Mayfield's rate of $185 is close to the average in the Portland market for his level of experience, and, therefore, finds that rate to be reasonable.

Accordingly, the Court awards attorneys' fees to Plaintiff in the amount of **$43,973.75**. The Court concludes this amount is neither unreasonably low nor unreasonably high, and the circumstances do not warrant application of a multiplier to adjust the lodestar amount upward or downward. The Court concludes a fee in this sum is reasonable under all the

---

[1] According to the Economic Survey, the Portland geographic area includes the following zip codes: 97201, 97204, 97205, 97207, 97208, 97228, and 97258. Mayfield's office is located in the 97225 zip code. Mayfield's practice, therefore, is located in the Tri-County geographic area for purposes of the Economic Survey.

circumstances.

**IV.  Costs**

Plaintiff also seeks reimbursement of costs in the amount of $1,091.16.

Federal Rule of Civil Procedure 54(d)(1) provides for an award of costs to the prevailing party.  The rule "creates a presumption in favor of awarding costs to a prevailing party, but vests in the district court discretion to refuse to award costs." *Ass'n of Mexican-American Educators v. State of Cal.*, 231 F.3d 572, 591 (9th Cir. 2000).  The court's discretion, however, is not unlimited.  A district court must specify appropriate reasons for a refusal to award costs.  *Id.*

Expenses that may be taxed as costs are enumerated in 28 U.S.C. § 1920 as follows:

> 1) Fees of the clerk and marshal;
> 2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> 3) Fees and disbursements for printing and witnesses;
> 4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
> 5) Docket fees under section 1923 of this title;
> 6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Although a district court has broad discretion to allow a prevailing party to recoup the costs of litigation, the

11 - OPINION AND ORDER

court may not tax costs beyond those authorized by 28 U.S.C. § 1920. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987).

Plaintiff seeks $150 for a filing fee, $548.75 for court reporters' fees, $25 for a process server fee, $145 for witness fees, and $221.41 for copies and postage. Defendant objects to most of these costs because Plaintiff failed to adequately document the costs as necessarily obtained for use in the case.

The Court agrees. Plaintiff did not submit a Bill of Costs in accordance with LR 54.1, did not submit copies of invoices or receipts for any of his claimed costs, and did not identify the names of the witnesses or deponents for which costs were allegedly incurred.

Accordingly, the Court finds Plaintiff is entitled to recover only his filing fee of $150. The Court denies Plaintiff's request for all other costs.

## CONCLUSION

For these reasons, the Court **GRANTS in part** and **DENIES in part** Plaintiff's Motion for Costs and Attorney Fees (#123) and awards Plaintiff attorneys' fees of **$43,973.75** and costs of

**$150.00**.

IT IS SO ORDERED.

DATED this 15th day of December, 2005.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge

13 - OPINION AND ORDER